IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ABBOTT, #217511, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-267-MHT |
| ) | |
| OFFICER SALTER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by James Abbott, a state inmate currently incarcerated at the Bullock Correctional Facility. In this case, Abbott alleges that the defendants, correctional officers at Bullock, acted with deliberate indifference to his health when they denied him access to medical treatment.

On October 13, 2017, Abbott filed a motion for preliminary injunction in which he asserts that defendant McMillian made verbal threats towards him regarding initiation of this lawsuit, and he seeks injunctive relief to prevent any further harassment or intimidation by McMillian. Doc. No. 20 at 1. The defendants filed responses in opposition to the motion for preliminary injunction. Docs. No. 25 and 21-1.

---

[1]The documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

Upon review of the motion for preliminary injunction and the responses thereto filed by the defendants, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Abbott demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's

claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

In the motion for preliminary injunction, Abbott asks that the court ensure his protection from threats or harassment by McMillian. The defendants advise that McMillian has not been assigned to Bullock since October 24, 2017, as he reported for military duty on that date. Doc. No. 29 at 1. This occurred only a few days after Abbott sought injunctive relief. The defendants further advise that McMillian is scheduled to remain on military duty until June 15, 2018, and may not return to employment at Bullock upon completion of his military service. *Id*. In addition, the defendants argue that the alleged actions of McMillian, standing alone, violated no constitutional right of Abbott.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Abbott has failed to demonstrate a substantial likelihood of success on the

merits of the claims pending before the court. Abbott likewise fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the type of relief sought by Abbott could impede the ability of correctional officials to maintain security. Finally, the public interest element of the equation is, at best, a neutral factor at this time. Thus, Abbott has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

The parties may file objections to the Recommendation on or before **February 15, 2018**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 1st day of February, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge