IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ABBOTT, #217511, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:17-CV-267-MHT |
| ) | (WO) |
| ) | |
| OFFICER SALTER, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by James Abbott, an indigent state inmate. In this civil action, Abbott alleges that between March 17, 2016 and June 7, 2017 the defendants on fifteen (15) occasions denied him access to his weekly psoriasis shot. Doc. 1 at 1–4. He further alleges that in January and May of 2017, defendants Salter and McMillan denied him access to dental treatment on three occasions. Doc. 1 at 2, 4.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special report supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Abbott. The reports and evidentiary materials dispute the conclusory allegations set forth by Abbott. Specifically, the defendants assert they did not deny Abbott access to medical or dental treatment.

In light of the foregoing, the court issued an order directing Abbott to file a response to the defendants' written reports. Doc. 33. The order advised Abbott that his failure to respond to the reports would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 33 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 33 at 1 (emphasis in original). The time allotted Abbott for filing a response in compliance with this order expired on March 30, 2018 and he did not seek any extension of time to file his response. As of the present date, Abbott has failed to file a response in opposition to the defendants' written reports. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Abbott is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Abbott's inaction suggests a current loss of interest in the continued prosecution of this case. Under the circumstances of this case, it appears that any additional effort by this court to secure Abbott's compliance with this court's order would be unavailing. Consequently, the court concludes that Abbott's failure to comply with an order of this court warrants dismissal of this case without prejudice. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant

has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. "The sanctions imposed [upon non-compliant litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **May 22, 2018** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 8th day of May, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge